# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18CV01963

MELODY JOY FIELDS, an individual, and GEOFFREY DEWEESE, an individual

    Plaintiffs,

v.

TAMMY ALCOCK, an individual, and ALCOCK LAW GROUP, PC, a Colorado corporation,

    Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Melody Joy Fields and Geoffrey DeWeese (the "**Plaintiffs**"), each an individual consumer, against Tammy Alcock, an individual ("**Alcock**"), and Alcock Law Group, PC, a Colorado corporation (the "**Collection Firm**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101 *et seq*. (hereinafter, "**CFDCPA**"), which requires debt collectors to provide additional disclosures to Colorado consumers.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because that claim is so related to the claim in this action that it forms part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

5. Each Plaintiff is an individual who resides in the County of Douglas, State of Colorado.

6. Each Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3) and Colo. Rev. Stat. § 12-14-103(4).

7. Alcock is an individual who resides in the County of Douglas, State of Colorado.

8. Alcock is a Colorado licensed attorney engaged primarily in the business of foreclosing liens for residential homeowners associations and collecting unpaid dues for residential homeowners associations.

9. Alcock is engaged in a business the principal purpose of which is the collection of dues owed to residential homeowners associations using the mail and telephone.

10. Alcock regularly collects, or attempts to collect, directly and indirectly, debts owed or due (or asserted to be owed or due) to residential homeowners associations.

11. Alcock is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12. Alcock is a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3).

13. The Collection Firm is a Colorado corporation that does business in the State of Colorado.

14. The Debt Collector has a place of business at 19751 E Mainstreet, Suite 210, Parker, CO 80138.

15. The Collection Firm is engaged primarily in the business of foreclosing liens for residential homeowners associations and collecting unpaid dues for residential homeowners associations.

16. The Collection Firm is engaged in a business the principal purpose of which is the collection of dues owed to residential homeowners associations by mail and telephone.

17. The Collection Firm regularly collects or attempts to collect, directly and indirectly, debts owed or due (or asserted to be owed or due) to residential homeowners associations.

18. The Collection Firm is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

19. The Collection Firm is a "collection agency", as that term is defined by Colo. Rev. Stat. § 5-16-103(3).

**FACTS**

20. Alcock and the Collection firm are engaged in pursuing collection of unpaid residential homeowners association dues through dunning letters and the foreclosure of the lien securing the unpaid dues.

21. During the years preceding the filing of this complaint, Alcock and the Collection Firm have filed hundreds of lawsuits on behalf of residential homeowners associations.

22. Through these lawsuits, Alcock and the Collection Firm seek payment on debts incurred primarily for personal, family, or household purposes.

23. The Villages of Parker Master Association (the "**Villages**") is one of the residential homeowners associations that Alcock and the Collection Firm represent.

24. Alcock and the Collection Firm have filed over a hundred lawsuits against homeowners seeking payment of dues to the Villages.

25. The complaints filed in these lawsuits are largely boilerplate and effectively require Alcock and the Collection Firm only to fill in the blanks with the name of the homeowner, the amount due, and the names of other lienholders.

26. Despite these complaints being largely boilerplate, Alcock and the Collection Firm seek thousands and thousands of dollars in attorney fees and costs.

27. Plaintiffs are homeowners in the Villages.

28. In 2017, the Villages requested that Alcock and the Collection Firm seek payment on $200.00 of dues (the "**Debt**").

29. The Debt was incurred primarily for personal, family, or household purposes, and is a "debt", as that term is defined by 15 U.S.C. § 1692a(5) and Colo. Rev. Stat. § 5-16-103(8).

30. On October 2, 2017, Alcock and the Collection Firm sent a dunning letter to Plaintiffs seeking $502.50, consisting of a $20.00 underpayment from 2017, a $100.00 "lien filing fee", $80.00 in late fees, $160.00 from an assessment due on October 1, 2017, and $142.50 for "attorney fees" (the "**Dunning Letter**").

31. The attorney fees of $142.50 were allegedly incurred for Alcock and the Collection Law Firm's paralegal to prepare the Dunning Letter.

32. The only unique information in Dunning Letter is the name of the Plaintiffs, their address, and the amount sought.

33. The Dunning Letter claims that Plaintiffs will be responsible for paying all of the Villages' attorney fees and costs.

34. The foregoing claim is false in that Plaintiffs may only be required to pay *reasonable* attorney fees and costs.

35. The Dunning Letter was Alcock and the Collection Firm's "initial communication" with Plaintiffs, as that term is used by 15 U.S.C. § 1692g.

36. The Dunning Letter does not include a statement that if the Plaintiffs notify Alcock and the Collection Firm that they dispute the validity of the Debt, or any portion thereof, in writing within thirty days of receipt of the Dunning Letter, Alcock and the Collection Firm will cease collection of the Debt until verifying the Debt.

37. The Dunning Letter was Alcock and the Collection Firm's "initial written communication", as that term is defined by Colo. Rev. Stat. § 5-16-105(3)(c).

38. The Dunning Letter does not include the correct website address to obtain information about the CFDCPA.

39. In subsequent communications to collect the Debt from Plaintiffs, Alcock and the Collection Firm failed to disclose that they are debt collectors.

40. Alcock and the Collection Firm filed a collection action and sought a decree of foreclosure for the Debt.

41. In this lawsuit, Alcock and the Collection Firm sought over ten thousand dollars in attorney fees and costs.

42. Alcock and the Collection Firm sought attorney fees and costs exceeding five thousand percent (5,000%) of the original balance.

43. The amount that Alcock and the Collection Firm sought were not reasonable under Colo. Rev. Stat. § 38-38-316(7), the declaration creating the right to attorney fees, or Colorado Rule of Professional Conduct 1.5(a).

44. In this lawsuit, the court did not adjudicate the reasonableness of Alcock and the Collection Firm's attorney fees.

**COUNT I**
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**

45. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

46. At all times material hereto, each Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

47. At all times material hereto, the Debt that Alcock and the Collection firm were attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

48. At all times material hereto, Alcock and the Collection firm were "debt collectors", as that term is defined under 15 U.S.C. § 1692a(6).

49. The FDCPA prohibits a debt collector from making false representations as to the character, amount, or legal status of any debt or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.  15 U.S.C. § 1692e(2).

50. Alcock and the Collection Firm violated 15 U.S.C. § 1692e(2) by making false representations as to the amount of attorney fees and costs, as well as the basis for those attorney fees and costs.

51. The FDCPA requires a debt collector to disclose in each communication subsequent to the initial communication that the communication is from a debt collector  15 U.S.C. § 1692e(11).

52. Alcock and the Collection Firm violated 15 U.S.C. § 1692e(11) by failing to disclose that communications with Alcock and/or the Collection Firm are communications with a debt collector.

53. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

54. Alcock and the Collection Firm violated 15 U.S.C. § 1692f by unfairly and unconscionably seeking unreasonable attorney fees.

55. The FDCPA prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

56. Alcock and the Collection Firm violated 15 U.S.C. § 1692f(1) by unfairly and unconscionably seeking an unreasonable amount of attorney fees.

57. The FDCPA requires Alcock and the Collection Firm to provide certain disclosures to Plaintiffs within five days of Alcock and the Collection Firm's initial communication with Plaintiffs.  15 U.S.C. § 1692g(a).

58. The Debt Collector violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiffs with a notice that complies with 15 U.S.C. § 1692g.

59. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

60. Plaintiffs have suffered and continue to suffer actual damages as a result of Alcock and the Collection Firm's unlawful conduct.

61. Plaintiffs are entitled to damages in an amount to be determined at trial.

## COUNT II
**(Violations of the CFDCPA, Colo. Rev. Stat. § 5-16-101 *et seq.*)**

62. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

63. At all times material hereto, each Plaintiff was a "consumer", as that term is defined under Colo. Rev. Stat. § 5-16-103(4).

64. At all times material hereto, the Debt that Alcock and the Collection Firm were attempting to collect was a "debt", as that term is defined under Colo. Rev. Stat. § 5-16-103(6)(a).

65. At all times material hereto, Alcock and the Collection Firm were each a "collection agency", as that term is defined under Colo. Rev. Stat. §§ 5-16-103(2)(a)(1) and 12-14-103(2)(a)(II)(B).

66. In its initial communication with a consumer, the CFDCPA requires a collection agency to provide to a consumer the correct website for information concerning the CFDCPA. Colo. Rev. Stat. § 5-16-105(3)(c).

67. In their initial communication with Plaintiffs, Alcock and the Collection firm failed to provide the correct website for information concerning the CFDCPA to Plaintiffs.

68. The violations of the foregoing requirements under the CFDCPA are unlike Alcock and the Collection Firm's violations under the FDCPA, and therefore, Plaintiffs are entitled to statutory damages under the CFDCPA in addition to the FDCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment, jointly and severally against Alcock and the Collection Firm, as follows:

1. Awarding each Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding each Plaintiff statutory damages pursuant to Colo. Rev. Stat. § 5-16-113;

4. Enjoining Alcock and the Collection Firm from the illegal collection of debts;

5. Awarding Plaintiffs reasonable attorney fees and costs incurred in this action;

6. Awarding Plaintiffs pre-judgment and post-judgment interest as may be allowed under the law; and

7. Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: August 2, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com