# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLORADO

Civil Action No. 18-cv-01963-KLM

MELODY JOY FIELDS, individually, and
GEOFFREY DEWEESE, individually,

    Plaintiffs,

v.

TAMMY ALCOCK, individually, and,
ALCOCK LAW GROUP, a Colorado corporation,

    Defendants.

---

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO
## RULE 12(B)(1) AND 12(B)(6)

---

COMES NOW Defendants Tammy Alcock and Alcock Law Group, by their attorneys, James M. Meseck and Matthew Ralston of White & Steele, P.C., and files this Motion to Dismiss and as grounds therefore states as follows:

### CERTIFICATION OF CONFERRAL

The Colorado Rules of Civil Procedure requires conferrals even in the case of motions under Rule 12. The Federal Rules do not require conferral, but in the name of caution, undersigned counsel has conferred with Plaintiffs' counsel concerning this Motion. Plaintiffs' counsel objects to the relief requested herein.

### FACTUAL BACKGROUND

In 2017, Plaintiffs failed to pay a portion of their monthly homeowners dues. Pursuant to the Master Declarations governing Plaintiffs relationship with the homeowners association and relevant case law, the homeowners association ("Association") was entitled to collect the unpaid

dues, late fees, interest, and attorneys' fees incurred in collecting the debt. The Association hired Defendants Tammy Alcock and her law firm Alcock Law Group (collectively, "Alcock") to assist in the collection of the debt. After numerous failed attempts short of litigation to bring the Plaintiffs' account current, Defendants filed suit on behalf of the Association in Douglas County District Court. Defendants answered the lawsuit and filed a counterclaim for breach of contract.

That lawsuit progressed through discovery, and was eventually settled at mediation. As part of the settlement, Plaintiffs agreed to pay the Association $7,000 composed of assessments, late fees and attorney fees and costs, and further agreed to voluntarily dismiss their counterclaims. The Court accepted the Stipulation, and held the case in abeyance pending the payment of the entire amount.

Plaintiffs now bring this action alleging two causes of action; violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), and violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 5-16-101 *et seq.,* ("CFDCPA").

The Alcock defendants respectfully request that Plaintiffs' Complaint be dismissed on two grounds under Rule 12(b)(1); (1.) Plaintiffs' claims are compulsory counterclaims and were required to have been brought in the underlying claim, (2.) Plaintiffs have waived any objection to the attorneys' fees they agreed to pay in the underlying suit. Defendant further requests that Plaintiffs' FDCPA claim be dismissed pursuant to Rule 12(b)(6).

## LEGAL STANDARD

Dismissal under Rule 12(b)(1)[1] is appropriate if the Court lacks subject matter jurisdiction over the claims in the complaint. Unlike a motion to dismiss under Rule 12(b)(5) or 21(b)(6) in the Federal and State rules respectively, in a 12(b)(1) motion, the Court need not

---

[1] The Federal and State versions of Rule 12(b)(1) are nearly identical.

accept the allegations in the complaint as true. *SK Finance SA v. La Plata County,* 126 F.3d 1272, 1275 (10th Cir. 1997), *City of Lakewood v. Brace*, 919 P.2d 231, 244 (Colo. 1996). The Court can consider evidence outside the pleading to resolve the jurisdictional dispute. *SK Finance,* at 1275, *Medina v. State,* 35 P.3d 443, 452 (Colo. 2001).

Plaintiff has the burden in proving jurisdiction. *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008), *Trinity Broadasting , Inc. v. City of Westminster,* 848 P.2d 916, 925 (Colo. 1993).

Under Fed. R. Civ. Pro. 12(b)(6), a court must "assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003.) The court may consider documents other than the complaint, "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

## FACTS AND ALLEGATIONS

1. Alcock sent the initial communication concerning the debt to Plaintiffs by letter of October 2, 2017. Compl. ¶ 30, s*ee attached as* Exhibit 1.

2. The initial communication contained the following notices:

   a. the amount of the debt owed;

   b. the name of the debtor;

   c. a statement that the consumer could dispute the validity of the debt, or any portion thereof, within 30 days, or the debt would be assumed to be valid;

   d. a statement that if the consumer notifies the debt collector in writing within 30 days that the debt, or any portion there, is disputed, the debt collector will obtain verification of the debt against the consumer and a copy of such verification will be mailed to the consumer;
   e. a statement that upon written request within 30 days of the letter, the collector will provide the consumer with the name and address of the original creditor, if different from the current creditor;

    f. a statement that if the consumer notifies the collector in writing that the consumer refuses to pay the debt or wishes communications to cease, that the collector will not communicate further except in certain circumstances which were also enumerated.

  3. Alcock filed the Complaint in the underlying action on January 23, 2018. Compl., ¶ 40, *See also Complaint from the underlying case attached as* Exhibit 2.

  4. The underlying suit was not settled immediately. Instead, the parties exchanged initial disclosures, drafted a Case Management Order, attended a case management conference, engaged in motions practice, and prepared for and attended mediation. *See attached register of actions,* Exhibit 3. Each part of the process necessarily involved time for Alcock and expense for the Association.

  5. The case settled at mediation on June 28, 2018. To settle the claims, Plaintiffs agreed to pay a total of $7,000 in full and final release of all claims, including the claim for attorneys' fees. As the settlement amount was to be paid in installments, the parties agreed to hold the case in abeyance until the payments were completed. *See attached as* Exhibit 4.

  6. The settlement agreement was made an order of the Douglas District Court on July 5, 2018. *See attached as* Exhibit 5.

  7. Plaintiffs, who were represented by the same counsel bringing the instant suit at all times after the Answer was filed, make no allegations that the underlying settlement was coerced, was attended by circumstances or fraud, or was improperly attained.

## ARGUMENT

**I. Plaintiffs' claims are compulsory counterclaims, which were required to be brought in the underlying action. As they were not, they are barred here.**

  Both Colorado and the Federal Rules of Civil Procedure require claims which arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim…"

be brought in the same action. *Colo. R. Civ. Pro. 13(a)* and *Fed. R. Civ. Pro. 13(A)(1)(a)*. The test to determine whether a claim arises out of the same transaction or occurrence as the first claim is the "logical relationship test: whether the subject matter of the counterclaim is logically related to the subject matter of the initial claim." *Kuzmych v. Figlus (In re Estate of Krotiuk*), 12 P.3d 302, 304, (Colo. App. 2000). "A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Id.,* citing *Beathune v. Cain,* 494 P.2d 603 (Colo. App. 1971). The logical relationship test, "is a broad, flexible, and practical standard, which prevents the filing of a multiplicity of actions and encourages the resolution of all disputes arising out of a common factual matrix in a single lawsuit." *Allen v. Martin,* 203 P.3d 546, 555 (Colo. App. 2008). A counterclaim is classified as compulsory where the factual and legal issues in both it and the complaint are 'offshoots' of the same controversy." *Plains Metro. Dist. v. Ken-Caryl Ranch Metro Dist.,* 250 P.3d 697, 702 (Colo. App. 2010), citing *Skyland Metropolitan Dist. v. Mountain West Enterprise, LLC,* 184 P.3d 106, 123-124 (Colo. App. 2008).

Failure to bring a compulsory counterclaim under Rule 13 bars any later action on the claim. "The purpose of C.R.C.P. 13(a) is to require parties to present all their existing claims simultaneously to the court or be forever barred." *Grynberg v. Phillips,* 148 P.3d 446, 449 (Colo. App. 2006). [A] Compulsory counterclaim must be asserted in a party's responsive pleading… or they are waived. *Dinosaur Park Invs., LLC v. Tello,* 192 P.3d 513, 517 (Colo. App. 2008).

Here, Plaintiff alleges that Alcock violated the FDCPA and the CFDCPA by their actions in the underlying lawsuit, including the content of correspondence leading up to the lawsuit and the alleged unreasonableness of attorneys' fees sought to be recovered pursuant to the contract and by statute in that lawsuit. Plaintiffs' allegations are logically related to the underlying case in

the Douglas County District Court, and as such are compulsory counterclaims under both the State and Federal versions of Rule 13.

Plaintiffs make two general categories of allegations in their Complaint; that Alcock's communications with them were deficient as they pertained to the FDCPA and the CFDCPA,[2] and that the attorneys' fees claimed were unreasonable, in violation of the FDCPA only.

Plaintiffs' claims herein are "logically related" to the Douglas County District Court case in that they arise from the same transaction or occurrence as the collection efforts concerning the past due HOA fees and costs because of the nature of their complaints. It was the collection action that necessitated the communications with Plaintiffs, and it was the collections action that necessitated the Alcock Defendants' legal fees. Plaintiffs challenged the amount and necessity of the attorney fees and costs in the State Court action and ultimately, reached an agreement to pay some but not all of the challenged fees. Under a "broad, flexible" reading of the compulsory counterclaims rules, Plaintiffs here should have brought their FDCPA and CFCCPA claims in the underlying suit. However, they did not seek to bring the claims at all. The complaints concerning the lack of the required notices and the unreasonable attorneys' fees are "offshoots" of the original action, and were required to have been brought there.

Defendants are aware of the holding in *Nikkel v. Wakefield & Assocs.,* 2011 U.S. Dist. LEXIS 109044. The *Nikkel* Court declined to dismiss a case, brought by a plaintiff debtor, against a defendant debt collector on *res judicata* and waiver grounds. However, *Nikkel* involves different facts and allegations not present in the instant case, and does not bar Alcock's arguments here.

In *Nikkel*, Plaintiff sued a debt collection agency under the FDCPA for its activities in a

---

[2] The Alcock defendants deny that their communications with Plaintiffs were deficient.

previous collection suit brought in state court. After suit was filed, the collector offered the debtor a settlement agreement which contained a waiver of any FDCPA claims in the future. Plaintiff signed the agreement, and then brought suit under the FDCPA, alleging among other things that Defendant improperly induced her into signing the settlement agreement. There were no allegations that any part of the underlying debt was improper or unreasonable.

The defendant debt collection agency then sought dismissal of the FDCPA case on *res judicata* and waiver grounds. The court denied the motion to dismiss, based on factors not present here. The *Nikkel* holding is therefore distinguishable and is inapplicable.

The *Nikkel* court found that *res judicata* did not apply because the FDCPA claim did not relate to the *existence* of the underlying debt, but rather related to attempts to collect the debt. *Nikkel,* at 14. On similar grounds the *Nikkel* court suggested, even though the argument was not before them, that the FDCPA claim was not a compulsory counterclaim, finding that an FDCPA claim concerns the method of collecting debt rather than the transaction creating the debt. *Id.*

Here, however, and unlike *Nikkel*, Plaintiffs complained of the alleged unreasonableness of the attorneys' fees in the underlying suit; they *are now complaining of the existence of the underlying debt, just as they did in the State Court action.* Plaintiffs' counsel made the existence of the underlying debt for legal fees the main point of contention in the underlying action. As just one example of this argument, Plaintiffs' counsel made a filing to the State Court in connection with the Case Management Order. *See attached as* Exhibit 6. Plaintiffs' counsel argued to the State Court, "[The Association] is not entitled to thousands and thousands of dollars in legal fees…." In addition, he made the same argument as is present here, that Defendants' legal bills were unreasonable. Plaintiffs are now asking this Court to re-examine the same arguments they settled out in the earlier case.

The case before this Court will necessarily involve argument concerning the existence and amount of the attorneys' fees, which constitutes the underlying debt. Plaintiffs' allegations concerning the attorneys' fees are that they are unreasonable. This case will necessarily involve adjudication of those underlying attorneys' fees. *Nikkel* was a case that was only about the *methods* of collecting a debt. Because Plaintiffs' claims here are at least in part based on whether the *existence* of the underlying debt is reasonable and proper, *Nikkel* is inapplicable.[3] Plaintiffs' claims should be dismissed as their arguments attacking the existence of the debt were required to have been brought in the underlying suit.

## II.     Plaintiffs have waived their claims concerning the attorneys' fees in the underlying action.

Plaintiffs' here voluntarily and knowingly agreed to pay and settle the underlying debt collection suit. Assuming for the purposes of this motion that they have any claims under the FDCPA and the CFDCPA, they have waived the rights to bring those claims now. Courts recognize waivers of federal remedial rights if they are knowing and voluntary. *Torrez v. Public Serv. Co. of New Mexico, Inc.,* 908 F.2d 687, 689 (10th Cir. 1990).

It bears noting that Plaintiffs themselves are sophisticated parties. Mr. DeWeese is an attorney, and Ms. Fields is a law school student. Further, they were represented by present counsel Mr. Vedra in the underlying suit. Mr. Vedra also participated in the mediation in the state court case, and was involved in the drafting of the settlement agreement between the parties, even drafting it on his own computer. The decision to settle was knowing and voluntary.

---

[3] Plaintiffs have also asserted the holding in *Peterson v. United Accounts, Inc.,* 638 F.2d 1134 (8th Cir. 1981) in support of their expected position that a claim under the FDCPA is not a compulsory counterclaim. *Peterson*, like *Nikkel*, does not deal with a situation when the allegations concern the *existence* of the underlying debt, but simply the means of collecting that debt.

Plaintiffs make no allegations that they were coerced into signing the settlement agreement. They do not allege any impropriety in inducing them to settle the underlying claim, as was the case in *Nikkel*. Instead, and with advice from their lawyer, they negotiated the claim and agreed to settle it freely. Now, they argue that at least a portion of those same debts was unreasonable and improper. This suit will necessarily require inquiry and argument into the underlying debt.

To allow Plaintiffs' claims to proceed here would require Alcock to defend the existence of the attorneys' fees in two separate actions. Such would be an unworkable result in that creditors could be awarded fees in the underlying case, either as a result of a settlement or judgment, and that award could then be challenged again as part of a collection act claim. Attorneys would be left in the untenable position of representing creditor clients and obtaining either judgments or settlements that could then be attacked in a second lawsuit suing the attorney. Here, Plaintiffs had ample opportunity to and did challenge the underlying debt in the original action. Plaintiffs decided to compromise the amount of that debt through the settlement agreement. Accordingly, they have waived the right to challenge the fees in this proceeding.

**III.**    **Defendants' initial communication complied with the notice requirements of 15 U.S.C. § 1692g. Plaintiffs' FDCPA claim fails as a matter of law.**

Plaintiffs allege that Alcock's initial communication with them did not contain the notices required by 15 U.S.C. § 1692g. Compl. ¶ 57. That section requires notice of the following:

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) requires the above notices be given within 5 days of the initial communication, unless those notices are contained within the initial communication itself.

Defendants initial communication of October 2, 2017 is attached hereto as Exhibit 1. It is a three page document, of which the majority of the second page and the entirety of what words there are on the third page are capitalized, bold-typed notices. Those notices are reproduced below.

## NOTICE

**THIS NOTICE SETS FORTH CERTAIN RIGHTS YOU HAVE AT LAW WITH RESPECT TO THE COLLECTION OF THE DEBT IDENTIFIED HEREIN.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.**

**UNLESS WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER, YOU DISPUTE THE VALIDITY OF THE DEBT IDENTIFIED IN THE LETTER, OR ANY PORTION OF THE DEBT, WE WILL ASSUME THE DEBT IS VALID.**

> IF YOU NOTIFY US WITHIN THE THIRTY (30) DAY PERIOD THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, OR THAT YOU ARE REQUESTING THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT FROM THE CURRENT CREDITOR, WE WILL CEASE COLLECTION OF THE DEBT OR DISPUTED PORTION OF THE DEBT UNTIL WE HAVE OBTAINED THE VERIFICATION OF THE DEBT, A COPY OF THE JUDGMENT BEING COLLECTED UPON, OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR AND SUCH COPY HAS BEEN SENT TO YOU. YOUR FAILURE TO DISPUTE THE VALIDITY OF A DEBT SHALL NOT BE CONSTRUED BY THE COURT AS ADMISSION OF LIABILITY BY YOU.

The amount of the debt then owing and the identity of the creditor are clearly stated on the first page of Exhibit 1. Plaintiffs do not allege that they did not receive the October 2, 2017 letter, nor do they dispute its contents. The only allegation is that Defendants failed "to provide Plaintiffs with a notice that complies with 15 U.S.C. § 1692g." Compl. ¶ 58. This, as a matter of law, is incorrect. Defendants are entitled to dismissal as to the claims for failure of notice under the FDCPA pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiffs' claims in this suit concerning the attorneys' fees necessarily involve the same transaction as the underlying claim, which was voluntarily settled. Because these claims involve the existence of the underlying debt, it was a compulsory counterclaim. Plaintiffs were required to bring the claim in the first lawsuit, or face dismissal here. Likewise, Plaintiffs voluntary and knowing settlement of the underlying lawsuit waives their complaints here as to the unreasonableness of those fees. Finally, Defendants' initial communication with Plaintiffs complied with 15 U.S.C. § 1692g. Plaintiffs FDCPA claim to the contrary fails as a matter of law.

WHEREFORE, Defendants Tammy Alcock and Alcock Law Group, P.C., for the foregoing reasons, request an order dismissing Plaintiffs' claims in their entirety.

**Dated:** September 12, 2018

WHITE AND STEELE, P.C.

*/ James M. Meseck*
James M. Meseck
Matthew Ralston
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed and served this 13 September 2018 addressed to the following:

**Dan Vedra | Vedra Law LLC**
1435 Larimer Street | Suite 302
Denver, CO  80202
303-937-6540
dan@vedralaw.com
*Attorney for Plaintiff(s)*

*Original signature on file.*

*s/ Savvi Neufer*
For White and Steele, P.C.